RUBEN BERRÍOS MARTÍNEZ ET AL., demandantes y apelantes, *v.* PEDRO ROSSELLÓ GONZÁLEZ ET AL., demandados y apelados; PARTIDO POPULAR DEMOCRÁTICO, demandantes, *v.* PEDRO ROSSELLÓ GONZÁLEZ, demandado; EUDALDO BÁEZ GALIB y MOVILIZACIÓN CIVIL, demandantes y peticionarios, *v.* COMISIÓN ESTATAL DE ELECCIONES y OTROS, demandados y recurridos.

*Números:* AC-94-644  
AC-94-653  
CE-94-645

*Resueltos:* 23 de septiembre de 1994

*Carlos Gorrín Peralta, Gilberto Concepción Suárez* y *Manuel Rodríguez Orellana*, abogados del Partido Independentista Puertorriqueño, recurrente; *Luis Sánchez Betances* y *Geraldo de Jesús*, abogados de Eudaldo Báez Galib, peticionario; *Eudaldo Báez Galib, pro se*; *Eduardo René Estades*, abogado de Movilización Civil, peticionaria; *Pedro A. Delgado Hernández, Procurador General*, y *Carlos Lugo Fiol, Subprocurador General*, abogados de los recurridos; *David Rivé Rivera*, abogado de la Comisión Estatal de Elecciones, recurrida.

## RESOLUCIÓN

Atendiendo la solicitud del apelante Rubén Berríos Martínez por el Partido Independentista Puertorriqueño, en auxilio de la jurisdicción de este Tribunal, y hasta tanto este Tribunal disponga otra cosa, se ordena a la Comisión Estatal de Elecciones que paralice toda erogación adicional de fondos en relación con la campaña de información y orientación dispuesta por el Art. 7 de la Ley Habilitadora del Referéndum Sobre Enmiendas a la Constitución de Puerto Rico de 1994, Ley Núm. 49 de 2 de agosto de 1994 (16 L.P.R.A. sec. 956f). Además, se ordena a la Comisión Estatal de Elecciones que se abstenga de imprimir o continuar imprimiendo las papeletas de votación o cualquier otro material impreso referente al referéndum que será celebrado el 6 de noviembre de 1994.

*Notifíquese por la vía telefónica y por escrito.*

Lo acordó el Tribunal y certifica el señor Secretario General. El Juez Asociado Señor Negrón García emitió un voto concurrente. Los Jueces Asociados Señor Rebollo López y Señora Naveira de Rodón disintieron sin opinión escrita.

(*Fdo.*) Francisco R. Agrait Lladó
*Secretario General*

— O —

Voto concurrente del Juez Asociado Señor Negrón García.

I

Reiteramos que, de su faz, la *Ley Habilitadora del Referéndum Sobre Enmiendas a la Constitución de Puerto Rico de 1994* —Ley Núm. 49 de 2 de agosto de 1994 (16 L.P.R.A. sec. 956 *et seq.*)— adolece de serios e insubsanables defectos constitucionales que exigen la paralización inmediata de los desembolsos de fondos públicos bajo la custodia de la Comisión Estatal de Elecciones. *P.P.D. v. Gobernador I*, 136 D.P.R. 861 (1994), opinión disidente. La paralización, que hoy se decreta, presupone que la Asamblea Legislativa está en libertad de fijar una nueva fecha para la celebración del referéndum, de modo que otras agrupaciones políticas puedan manifestar su intención de participar activamente a favor o en contra, y así ser acreedoras de aquellos fondos públicos según la fórmula que determine la Legislatura. De otro modo —en la práctica— estaríamos coartando la libre expresión de esos grupos y electores, en particular aquellos cuya solvencia económica es precaria o inexistente.

En situaciones como la de marras, este Tribunal Supremo no puede convertirse en una *Superlegislatura*. No está autorizado para suplir remedios a este tipo de deficiencias legislativas. En la medida en que los vicios constitucionales son sustanciales y van al corazón de la consulta —exceso de número permisible de propuestas y ausencia de un adecuado esquema de financiamiento— no rige ni puede invocarse la cláusula de salvedad de la Ley Núm. 49, *supra; todo el estatuto cae por su propio peso.*

Corresponde a la Legislatura —no a este Foro— actuar para superar su inconstitucionalidad, determinar si se

agrega una tercera propuesta y diseñar fórmulas financieras equitativas.

## II

Por último, el decreto de inconstitucionalidad oportunamente permitirá a este Tribunal deliberar y reexaminar la sabiduría de haberse involucrado en una campaña oficialista de carácter político-partidista, contra la enmienda constitucional propuesta para aumentar a nueve (9) los miembros de este Foro y eliminar su prerrogativa exclusiva de proponer variaciones a su composición.

Como dijimos en nuestra opinión disidente de 4 de agosto de 1994: "[l]a resolución mayoritaria que permite y fomenta la continuación de la campaña oficial contra la enmienda constitucional a la composición de este Tribunal *vicia la pureza del proceso electoral y arroja dudas sobre la legitimidad de los resultados adversos de esa enmienda particular.*" (Énfasis en el original.) *In re V. Limit. Const., Éticas Judicatura*, 136 D.P.R. 693, 710 (1994).

Próximamente ampliaremos estos fundamentos en abono del decreto de inconstitucionalidad.